IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMUEL PINEDA PINEDA | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-622 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Samuel Pineda Pineda, a federal prisoner, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the motion to vacate, set aside or correct sentence.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that movant's objections lack merit. Citing *DePierre v. United States*, 564 U.S. 70 (2011), movant contends that his attorney should have requested an independent laboratory analysis because the government must scientifically identify the controlled

substance. In *DePierre*, the United States Supreme Court held that the term "cocaine base" means not just "crack cocaine," but any cocaine in its chemically basic form. *DePierre*, 564 U.S. at 88. The holding in *DePierre* does not impact movant's case because the controlled substance in this case was methamphetamine. Further, counsel did not provide ineffective assistance by failing to request an independent analysis because there was no reason to believe it would have yielded a different result than the government's laboratory analysis.

In this case, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.* at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81.

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. The movant has failed to make a sufficient showing to merit the issuance of a certification of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, movant's objections (document no. 12) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 10) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 27th day of March, 2017.**

_____
Ron Clark, United States District Judge